IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWAUN VICTOR MOORE,

    Petitioner,                          No. C 11-02905 JSW

    v.

GARY SWARTHOUT,                   **ORDER OF DISMISSAL**

    Respondent.

    California state prisoner Edwaun Victor Moore ("Petitioner") has filed a second or successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Moore v. Rowland*, 2003 U.S. Dist. LEXIS 960 (N.D. Cal. 2003). A second or successive petition may not be filed in this court unless petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not sought or obtained such an order from the Ninth Circuit.

    Petitioner argues, however, that his petition is not second or successive under 28 U.S.C. § 2244(b) because the new claim in the petition ripened only when the California Supreme Court announced a clarification of state law. Although Petitioner is correct that ripeness is a proper consideration whether to allow a second or successive petition, Petitioner's reasoning does not apply to this case. In the context of federal habeas petition jurisprudence, there are limited exceptions when a second or successive petition should not be treated as such. *United States v. Lopez,* 577 F.3d 1053, 1059-1064 (9th Cir. 2009). There is no exception relieving second-in-time petitions from § 2244(b)'s requirements based on new state law and

ripeness. The cases Petitioner cites do not suggest otherwise. *See id*. at 1064, 1066 (holding that exceptions to § 2244(b)'s requirements could extend beyond *Ford*-based competency claims, but finding that petitioner's new *Brady* claim was second or successive); *United States v. Buenrostro*, 638 F.3d 720, 725-26 (9th Cir. 2011) (holding that prisoners may file second-in-time petitions based on events that do not occur until a first petition is concluded, but declining to extend the exception to a claim of ineffective assistance of counsel that was ripe at the time the first habeas petition was filed).

The petition is accordingly DISMISSED without prejudice to refiling if Petitioner obtains the necessary order from the Court of Appeals for the Ninth Circuit authorizing this Court to consider the petition.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. Petitioner has failed to show that a reasonable jurist would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 31, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE